# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHARLTON REED TIPTON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.  5:21-CV-00493-FB-ESC** |
| | § | |
| **PHONSO RAYFORD, CHRISTOPHER** | § | |
| **PAULEY, RUTH TRICE, LORRAINE** | § | |
| **SALAS, ALFRED HASSLER, ALBERT** | § | |
| **PERALEZ, MANUEL PUENTE,** | § | |
| **MANUEL OROZCO, and OSBALDO** | § | |
| **PUENTE,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE FRED BIERY, UNITED STATES DISTRICT JUDGE AND/OR THE HONORABLE ELIZABETH S. CHESTNEY, UNITED STATES MAGISTRATE JUDGE:

Now comes CHARLTON REED TIPTON (hereinafter referred to as "Mr. Tipton"), the Plaintiff in the above-styled and numbered cause, by and through his undersigned appointed counsel of record, and respectfully submits this his Third Amended Complaint, and as and for his causes of action against the above-named Defendants, would respectfully show the Court as follows:

## NATURE OF CASE

(1)    This civil action was originally brought by the Plaintiff, CHARLTON REED TIPTON, proceeding pro se, on May 19, 2021.  Still proceeding pro se, Plaintiff amended his Original Complaint on June 14, 2021, and again on August 31, 2021.  The undersigned counsel was appointed to represent the Plaintiff on December 13, 2021.

(2)    Throughout this proceeding, the Plaintiff has asserted claims, and continues to assert claims, arising out of and surrounding an incident which occurred on April 22, 2021 during which the Plaintiff was assaulted by several correctional officers at the Texas Department of Criminal

Justice's Connally Unit, in Kenedy, Texas, and forced to have his hair cut.  The Plaintiff claims that

the Defendant, PHONSO RAYFORD, the Senior Warden of the Connally Unit, failed to take

corrective action when notified by the Plaintiff that several correctional officers, previous to April

22, 2021, had used disciplinary actions, and had threatened to use physical force, to persuade Mr.

Tipton to cut his hair.[1]   The Plaintiff also claims that CHRISTOPHER PAULEY, who was a

---

1.  The day he arrived at the Connally Unit, January 5, 2021, Major Larissa Wysocki filed an Offense Report, charging Mr. Tipton with refusing to comply with grooming standards. Specifically, Major Wysocki claimed that Mr. Tipton's refusal to comply with the standards consisted of his having his hair in a ponytail.  That charge was assigned Disciplinary Case No. 20210091217, and a disciplinary hearing was conducted on January 13, 2021 by Defendant RUTH TRICE.  Mr. Tipton was excluded from the hearing by Defendant TRICE "due to failing to comply with grooming standards when escorted to court hearing."  Mr. Tipton was found guilty, and punishment was assessed.

On or about February 6, 2021, Sergeant A. Acosta filed an Offense Report, charging Mr. Tipton with "refusing to comply with grooming standards."  Specifically, Sergeant Acosta claimed that Mr. Tipton refused to comply with grooming standards "in that said inmate had an extreme hair cut."  That charge was assigned Disciplinary Case No. 20210112839.  A hearing was held before Defendant TRICE on February 25, 2021.  Mr. Tipton was again excluded from the hearing due to his alleged failure to conduct himself properly.  Defendant TRICE found Mr. Tipton guilty and assessed punishment.

On or about March 31, 2021, Sergeant C. Contreras filed an Offense Report, charging Mr. Tipton with refusing to comply with grooming standards, "in that said offender had a ponytail and refused to cut his hair."  That charge was assigned Disciplinary Case No. 20210149552.  A hearing was held on April 15, 2021.  Mr. Tipton was excluded from the hearing "due to failure to conduct himself properly in that said inmate was out of compliance."  Defendant TRICE found him guilty and assessed punishment.

On or about April 16, 2021, Sergeant S. Wrona submitted an Offense Report, charging Mr. Tipton with refusing to comply with grooming standards.  That case was assigned Disciplinary Case No. 2021159886.  On April 28, 2021, a disciplinary hearing was conducted by Defendant TRICE, and Mr. Tipton was found guilty of the alleged infraction and punished, even though Mr. Tipton advised Defendant TRICE, "I am Native American and my God told me not to cut my hair."

On or about February 28, 2021, Mr. Tipton filed an emergency grievance with the Unit's grievance office or grievance investigator, wherein he stated, under penalty of perjury, that, on

Lieutenant at the time, and the most senior correctional officer involved in the April 22, 2021 incident,  directed and ordered the other correctional officers involved to use physical force against the Plaintiff, and that PAULEY personally used excessive force by cutting the Plaintiff's hair.

(3)     The Plaintiff claims that Defendants RUTH TRICE and LORRAINE SALAS denied him due process, and retaliated against him for grieving the correctional officers' disciplinary actions against him, and for grieving their use of excessive force, in the processing, investigation, and/or hearing of Plaintiff's grievances both before and after the excessive use of force incident.[2]

_____

February 26, 2021, an unknown named officer told him that "they" (presumably other correctional officers) had offered a reward to anyone who was to assault or even kill him, if he refused to cut his hair, and/or if he refused to cease pursuing another lawsuit previously filed by him against TDCJ Director Bobby Lumpkin and others, Civil Action No. 5:21-CV-00060-FB-ESC.

On March 21, 2021, Warden Phonso Rayford responded to Mr. Tipton's grievance as follows: "Your complaint has been reviewed.  Investigation did not reveal merit to your claims. Staff statements refute all allegations.  No further action is warranted by this office."


2.  **See** footnote 1, and the following:

On January 11, 2021, Mr. Tipton submitted a grievance claiming that he was being disciplined for not cutting his hair.  He did not receive a response to that grievance until March 5, 2021, at which time Debra Gloor, Senior Practice Manager for UTMB Correctional Managed Care, responded by stating, "Your allegation of denied access to courts is not a medical matter. . . **.** Each time you express a mental health concern it is addressed."

On or about February 2, 2021, Mr. Tipton submitted a grievance, complaining that he was being discriminated against and punished for exercising his religious beliefs as a Native American, which the accusing officer, Major Larissa Wysocki, characterized as a refusal to comply with grooming standards "in that said offender had his hair in a pony tail."  Not only was he punished for that alleged offense but he also was excluded from the disciplinary hearing held by the hearing officer, Defendant RUTH TRICE, "due to failing to comply with grooming standards when escorted to court hearing."

He stated in his grievance that he was told, "I can eat if I cut my hair."  He also stated in

(4)     The Plaintiff also claims that the Defendants have charged him with disciplinary infractions, have denied him fair hearings of his grievances, have found him guilty of the alleged disciplinary actions, and have punished him for those alleged disciplinary infractions, all in retaliation for his filing of Civil Action No. 5:21-CV-00060-FB-ESC, and for filing this civil action.

(5)     Plaintiff now amends his Complaint to allege that Sergeant Alfred Hassler, Sergeant Albert Peralez, Correctional Officer IV Manuel Puente, Correctional Officer IV Manuel Orozco, and Correctional Officer IV Osbaldo Puente were personally involved in the April 22, 2021, excessive use of force incident and are equally liable for the violation of his rights on that occasion as is Defendant PAULEY.

## PARTIES

(6)     The Plaintiff, CHARLTON REED TIPTON, is an inmate confined at the Texas Department of Criminal Justice's Connally Unit in Kenedy, Texas.

(7)     The Defendant, PHONSO RAYFORD, is the Senior Warden of the Connally Unit.

(8)     The Defendant, CHRISTOPHER PAULEY, is a Corrections Officer at the Connally Unit, who now holds the rank of Captain.  He was a Lieutenant at the time of the April 22, 2021 excessive use of force incident.

(9)     The Defendant, RUTH TRICE, is also a Correctional Officer at the Connally Unit, who holds the rank of Captain.

(10)     The Defendant, LORRAINE SALAS, is a Grievance Investigator II at the Connally

---

his grievance that he was being denied "legal supplies," and that his "medical needs" were not being met.  Finally, he stated that he was being threatened with disciplinary action "to make me deny my religion."  On February 24, 2021, Mr. Tipton was advised by Assistant Warden Roger Boyd, "There was no evidence found to substantiate your claim of staff denial or discrimination due to being Native American.  No further action warranted by this office."

Unit.

(11)     The Defendant ALFRED HASSLER is a Correctional Officer at the Connally Unit, who holds the rank of Sergeant.

(12)     The Defendant ALBERT PERALEZ is a Correctional Officer at the Connally Unit who holds the rank of Sergeant.

(13)     The Defendant MANUEL PUENTE is a Correctional Officer at the Connally Unit who holds the rank of Correctional Officer IV.

(14)     The Defendant MANUEL OROZCO is a Correctional Officer at the Connally Unit who holds the rank of Correctional Officer IV.

(15)     The Defendant OSBALDO PUENTE is a Correctional Officer at the Connally Unit who holds the rank of Correctional Officer IV.

## JURISDICTION

(16)     This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331 and 1343, as this is a civil action brought pursuant to 42 U.S.C.§ 1983 to vindicate Plaintiff's constitutional and statutory rights.

## VENUE

(17)     Venue of this civil action is proper in the Western District of Texas, San Antonio Division.

## FACTS

(18)     Since on or about July 12, 2009, the Texas Department of Criminal Justice (TDCJ) has formally recognized the Plaintiff CHARLTON REED TIPTON's religious preference as Native American.  The tenets of Mr. Tipton's religion as Native American include that he must grow and

keep his hair long in honor of his ancestors, to maintain a spiritual connection to his ancestors, to receive wisdom and knowledge, and to demonstrate his dedication and devotion to his God.  His religion allows him to cut his hair only in mourning of a close relative.

(19)    Despite that recognition, since his arrival at the TDCJ's Connally Unit in Kenedy, Texas, on or about January 5, 2021, several correctional officers assigned to supervise his custody as an inmate have repeatedly demanded that he cut his hair, have threatened him with physical injury if he did not cut his hair, have cited him with disciplinary infractions, have withdrawn privileges from him that he would otherwise have enjoyed, and have withheld food and medical attention from him.  In addition, when he has grieved those matters, the persons responsible for processing, investigating, and hearing those grievances have failed to properly investigate the facts underlying his grievances, have denied him the right to appear at the hearing of his grievances, have consistently failed to give his testimony any credence when he has been allowed to appear and speak at the hearings, have conducted "kangaroo court" style hearings, and have consistently denied his grievances.  On the other hand, most of the disciplinary cases that have been filed against him have resulted in a finding that he has violated the rules of conduct for inmates and he has been punished as a result.

(20)    After months of attempting to coerce Mr. Tipton into consenting to have his hair cut, in the fashion described above, several correctional officers, including but not limited to the Defendants PAULEY, HASSLER, PERALEZ, MANUEL PUENTE, OROZCO, and OSBALDO PUENTE, decided to take matters into their own hands, and force Mr. Tipton to have his hair cut.

(21)    According to the Use of Force Report that was submitted after the incident, on the morning of Thursday, April 22, 2021, Mr. Tipton was ordered by Defendant PAULEY to report to

the A and B hallway on 12 building, for the purpose of receiving a hair cut.  Mr. Tipton complied

with the order to report to the hallway.  Upon his arrival to A and B hallway, Defendant PAULEY

ordered Mr. Tipton to submit to hand restraints, which were applied by Defendant HASSLER, and

Mr. Tipton complied with Defendant PAULEY's order.  Per Defendant PAULEY's order, Defendant

HASSLER using his right hand on Mr. Tipton's left arm, escorted Mr. Tipton to a bench in the

hallway.  Defendant PAULEY then ordered Mr. Tipton to kneel on the floor for purposes of having

leg restraints applied.  Mr. Tipton complied with that order, and Defendant MANUEL PUENTE

applied the leg restraints.  As the leg restraints were applied, Defendant OROZCO relieved

Defendant HASSLER by placing his left hand on Mr. Tipton's left shoulder and his right hand on

Mr. Tipton's left arm.  Defendant OSBALDO PUENTE then placed his left hand on Mr. Tipton's

right arm and his right hand on Mr. Tipton's right shoulder.  Mr. Tipton was then helped to his feet

by Defendants OROZCO and OSBALDO PUENTE using the same holds.

(22)    At that point, according to the Use of Force Report, Defendant PAULEY informed

Mr. Tipton that he was being required to cut his hair, and that, if he refused to comply, physical force

would be used to force his compliance.  Defendant PAULEY asked Mr. Tipton if he understood, and,

according to the Use of Force Report, Mr. Tipton stated, "No," that he did not understand.

According to the Use of Force Report, Defendant PAULEY then repeated the order and the

consequences for failing to comply, and he informed Mr. Tipton that, if he failed to comply, he

would be "escorted to the barber chair for the purpose of a haircut."  At that point, according to the

Use of Force Report, Mr. Tipton knelt on the floor.  In response, Defendants OROZCO, OSBALDO

PUENTE and PERALEZ forced Mr. Tipton to a prone position, lying face down on the floor.

According to the Use of Force Report, Defendant PAULEY then ordered Mr. Tipton to allow

himself to be escorted to the barber chair, but Mr. Tipton did not respond.

(23)   Defendant PAULEY then ordered Defendants OROZCO, OSBALDO PUENTE, and PERALEZ to lift Mr. Tipton from the floor and carry him to the barber chair, which order they obeyed.  Upon arrival to the barber chair, the same Defendants forced Mr. Tipton to sit in the barber chair, and he was held down in the barber chair by Defendants OROZCO, OSBALDO PUENTE, and MANUEL PUENTE while Defendant PAULEY cut his hair.  After Mr. Tipton's hair was cut, he was "escorted" back to his cell.

(24)   Later that morning, April 22, 2021, at 10:00 a.m., Defendant PAULEY filed an Offense Report, charging Mr. Tipton with failing to obey an order to comply with escort procedures and not resist staff.  That alleged infraction was assigned Disciplinary Case No. 20210165514.  A hearing was held on May 13, 2021, as a result of which Defendant TRICE found Mr. Tipton guilty and he was punished.  Mr. Tipton appealed that disciplinary action by filing a grievance on May 25, 2021, and, on July 1, 2021, it was ordered that Disciplinary Case No. 20210165514 be deleted, and that 100 days of good time lost be restored to him.

(25)   On at least two (2) occasions in 2021, Defendant SALAS, the officer assigned as Grievance Investigator, refused to process Mr. Tipton's grievances.

## CAUSES OF ACTION

(26)   The Plaintiff, CHARLTON REED TIPTON, alleges that the force which was used against him on April 22, 2021 was not used in a good faith effort to maintain or restore discipline but was used maliciously and sadistically to cause him harm, and that, as a result of that use of force, Mr. Tipton suffered a physical injury, to wit, the loss of his hair.

(27)   The Plaintiff, CHARLTON REED TIPTON, also alleges that Defendants TRICE and

8

SALAS, with intent to retaliate against him for exercising his First Amendment rights to grieve and to petition the courts for redress of his grievances, refused to process his grievances, excluded him from disciplinary hearings, found him guilty of spurious disciplinary infractions because he insisted that, as a Native American, he is obligated to grow and keep his hair long, and punished him for those infractions.

(28)    As and for his causes of action against Defendants RAYFORD, PAULEY, HASSLER, PERALEZ, MANUEL PUENTE, OROZCO, and OSBALDO PUENTE, the Plaintiff, CHARLTON REED TIPTON, claims that said Defendants deprived him of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

(29)    As and for his causes of action against Defendants TRICE and SALAS, the Plaintiff, CHARLTON REED TIPTON, also claims that said Defendants deprived him of his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution.

(30)    The Plaintiff CHARLTON REED TIPTON, also claims that each and all of the Defendants have also violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, in that, by their actions, Defendants have imposed a substantial burden on the Plaintiff's exercise of his religious beliefs in the absence of a compelling governmental interest.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of all the above, the Plaintiff, CHARLTON REED TIPTON, respectfully prays that, after service or waiver of service, the new Defendants, HASSLER, PERALEZ, MANUEL PUENTE, OROZCO, and OSBALDO PUENTE be required to answer or otherwise respond to this Third Amended Complaint, and that, upon final hearing hereof, he shall have and recover a judgment in his favor as follows: (a) That the Court grant him a permanent

injunction prohibiting the Defendants from attempting to compel or coerce him to have his hair cut; (b) That the Court order each of the Defendants herein to pay him nominal damages in the amount of $5,000.00; (c) That the Court order each of the Defendants herein to pay him punitive damages in the amount of $5,000.00; (d) That the Court order each of the Defendants RAYFORD, PAULEY, SALAS, HASSLER, PERALEZ, MANUEL PUENTE, OROZCO, and OSBALDO PUENTE to pay him compensatory damages in the amount of $10,000.00; and (e) That the Court order the Defendants to pay his counsel's attorneys fees and court costs.

The Plaintiff also prays for such other relief, either of law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

_____/s/   Glen D. Mangum_____
GLEN D. MANGUM
Texas State Bar No. 12903700

315 E. Euclid
San Antonio, Texas 78212-4709
Telephone No. (210) 227-3666
Telecopier No. (210) 595-8340
E-mail: gmangum@sbcglobal.net

**ATTORNEY FOR PLAINTIFF**
**CHARLTON REED TIPTON**

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Ms. Jeanine M. Coggeshall
Assistant Attorney General
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capital Section
Austin, Texas 78711


        /s/ Glen D. Mangum
GLEN D. MANGUM

11