IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHARLTON REED TIPTON,** *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 5:21-CV-493-XR |
| **PHONSO RAYFORD, ET AL.,** *Defendants.* | § § § | |

## DEFENDANTS OROZCO, PERALEZ, AND HASSLER'S ANSWER TO TIPTON'S THIRD AMENDED COMPLAINT AND JURY DEMAND

Defendants Manuel Orozco, Albert Peralez, and Alfred Hassler file this answer in response to Plaintiff Charlton Reed Tipton's Third Amended Complaint [ECF No. 60] and respectfully offers the following:

### I. STATEMENT OF THE CASE

Plaintiff Charlton Reed Tipton ("Plaintiff") is an inmate confined to the custody of Texas Department of Criminal Justice ("TDCJ"). Proceeding pro se, Plaintiff filed suit pursuant to 42 U.S.C. alleging that his constitutional rights were violated through the excessive use of force and through prison disciplinary and grievance processes. ECF Nos. 1, 6, 18. The Court appointed Plaintiff counsel after Defendants appeared in this case. *See* ECF No. 33. As part of an amended scheduling order, Plaintiff moved to amend his complaint on July 8, 2022. ECF No. 57. The court granted Plaintiff's motion and accepted his Third Amended Complaint as the live pleading in this matter. ECF Nos. 59.

### II. GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b) and for the express purpose of requiring Plaintiff to meet his burden of proof in this suit, Defendants deny each and every allegation contained in Plaintiff's Third

Amended Complaint (hereafter the "Complaint") [ECF No. 60], except those expressly admitted herein.

### III.     ANSWER TO THE COMPLAINT

1. Defendants admit the allegations contained in paragraph 6 of the Complaint.

2. Defendants admit the allegations contained in paragraph 7 of the Complaint.

3. Defendants admit that Christopher Pauley was a Lieutenant of Corrections assigned to the Connally Unit on April 22, 2021, and at all times relevant to the incidents that form the basis of Plaintiff's complaint, but deny the remaining allegations contained in paragraph 8 of the Complaint.

4. Defendants admit that Ruth Trice was a Correctional Officer assigned to the Connally Unit on April 22, 2021, and at all times relevant to the incidents that form the basis of Plaintiff's complaint but deny that Manuel Puente still holds that position and assignment.

5. Defendants admit the allegations contained in paragraph 10 of the Complaint.

6. Defendants admit the allegations contained in paragraph 11 of the Complaint.

7. Defendants admit the allegations contained in paragraph 12 of the Complaint.

8. Defendants admit that Manuel Puente was a Correctional Officer assigned to the Connally Unit on April 22, 2021, and at all times relevant to the incidents that form the basis of Plaintiff's complaint but deny that Manuel Puente still holds that position and assignment.

9. Defendants admit the allegations contained in paragraph 14 of the Complaint.

10. Defendants admit that Osbaldo Puente was a Correctional Officer assigned to the Connally Unit on April 22, 2021, and at all times relevant to the incidents that form the basis of Plaintiff's complaint but deny that Osbaldo Puente still holds that position and assignment.

11. Defendants admit that the Court has jurisdiction over Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

12. Defendants admits that venue is proper.

13. Defendants admit that Plaintiff has designated his religious preference as Native American

since July 12, 2009. Defendants lacks knowledge to admit or deny any allegations regarding Plaintiff's religious beliefs as alleged in paragraph 18 of the Complaint.

14. Defendants deny the allegations contained in paragraph 19 of the Complaint.

15. Defendants deny the allegations contained in paragraph 20 of the Complaint.

16. Defendants admit that there is a report compiled regarding the April 22, 2021, use of force and admit that the allegations contained in paragraph 21 of the Complaint accurately summarize the content of that report.

17. Defendants admit that there is a report compiled regarding the April 22, 2021, use of force, but deny the allegations contained in paragraph 22 of the Complaint accurately summarize the content of that report and deny therefore deny Plaintiff's characterization of the April 22, 2021, use of force incident.

18. Defendants admit that Defendant Pauley cut Plaintiff's hair on April 22, 2021, but deny the remaining allegations contained in paragraph 23 of the Complaint.

19. Defendants admit the allegations contained in paragraph 24 of the Complaint.

20. Defendants deny the allegations contained in paragraph 25 of the Complaint.

21. Defendants deny the allegations contained in paragraph 26 of the Complaint.

22. Defendants deny the allegations contained in paragraph 27 of the Complaint.

23. Defendants deny the allegations contained in paragraph 28 of the Complaint.

24. Defendants deny the allegations contained in paragraph 29 of the Complaint.

## IV. OTHER ANSWERS AND AFFIRMATIVE DEFENSES

25. Defendants assert they are entitled to qualified immunity to the extent applicable. Defendants acted at all times in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. Defendants further asserts that all of their actions were objectively reasonable in

light of the facts and circumstances that existed at that time.

26. Defendants assert the affirmative defense that Plaintiff failed to properly exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a).

27. Defendants assert their entitlement to Eleventh Amendment immunity and sovereign immunity as to any claim for damages brought against them in their official capacity.

28. Defendants assert that Plaintiff is not entitled to injunctive relief.

29. Defendants deny that Plaintiff was deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

30. Defendants invoke all limitations, defenses, and exclusions set forth in the Prison Litigation Reform Act and any other applicable statutes.

31. Defendants assert their right to raise additional defenses that become apparent throughout the factual development of the case.

32. Defendants deny that Plaintiff is entitled to money damages or any other relief demanded in the Complaint and further denies that Plaintiff is entitled to costs in any amount whatsoever.

## V. JURY DEMAND

Defendants request a trial by jury on all issues triable by such.

## VI. CONCLUSION

Defendants ask the Court to deny all relief requested by Plaintiff, to enter judgment in their favor as to all claims asserted by Plaintiff, and to be granted all such other and further legal and equitable relief to which they may be entitled.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General
**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General
Texas State Bar No. 24083162
Jeanine.Coggeshall@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9814 (Fax)

**ATTORNEYS FOR RAYFORD, PAULEY, TRICE AND SALAS**

## CERTIFICATE OF SERVICE

I, **Jeanine M. Coggeshall**, Assistant Attorney General of Texas, certify that a true copy of the above has been served on all counsel of record via email service through the Electronic Case Filing

system for the Western District of Texas on August 1, 2022.

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General
