IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLTON REED TIPTON, | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § | |
| PHONSO RAYFORD, CHRISTOPHER PAULEY, CAPTAIN, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; RUTH E. TRICE, CAPTAIN OF CORRECTIONAL OFFICERS; LORRAINE SALAS, GRIEVANCE INVESTIGATOR II; ALFRED HASSLER, ALBERT PERALEZ, MANUEL PUENTE, MANUEL OROZCO, OSBALDO PUENTE, | § § § § § § § § § § § § § | SA-21-CV-00493-FB |
| *Defendants.* | § | |

## **ORDER**

Before the Court is the above-styled cause of action, which was referred to the undersigned for all pretrial proceedings pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#26]. The record reflects that the live pleading in this case is Plaintiff's Third Amended Complaint, which was filed by counsel on July 18, 2022. This pleading names as Defendants Phonso Rayford, Christopher Pauley, Ruth Trice, Lorraine Salas, Alfred Hassler, Albert Peralez, Manuel Puente, Manuel Orozco, and Osbaldo Puente. Plaintiff had difficulty serving Defendants Manuel Puente and Osbaldo Puente. The United States Marshals Service finally effectuated service of process on these Defendants on December 31, 2022. (Return of Service [#85].) Manuel Puente and Osbaldo Puente failed to file an answer or responsive pleading by the deadline imposed under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff moved for a Clerk's Entry of Default, which was entered on March 15, 2023. Plaintiff

1

then filed a Motion for Entry of a Default Judgment [#91] against these two Defendants. The motion remains pending.

The Court received an Advisory [#93] on May 11, 2023, from the Office of the Attorney General in response to the Entry of Default. The Advisory indicates that the Office of the Attorney General has received signed requests for representations from both Manuel and Osbaldo Puente as of May 9, 2023. Accordingly, the Office of the Attorney General now has authority to represent the defaulting Defendants. The Advisory requests that the Court set aside the Entry of Default and allow the Office of Attorney General 21 days to answer or otherwise respond to Plaintiff's live pleading.

The Court will construe the Advisory as a motion to set aside a default judgment filed by counsel for Manuel and Osbaldo Puente pursuant to Federal Rule of Civil Procedure 55(c), which gives courts "sound discretion" to set aside an entry of default for good cause. *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). The Fifth Circuit has directed district courts to consider the following factors in evaluating good cause: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Id.* Here, it would not be prejudicial to Plaintiff to set aside the default. According to the Advisory, counsel for Plaintiff is not opposed to the request to set aside the default. Moreover, the default resulted from a delay in Defendants' providing signed requests for representation, not willful neglect of this lawsuit. Finally, the default has only been pending for two months.

**IT IS THEREFORE ORDERED** that the Advisory of the Office of the Attorney General [#93], which this Court construes as a motion to set aside the Entry of Default against Defendants Manuel and Osbaldo Puente is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default dated March 15, 2023 [#90] is **SET ASIDE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of a Default Judgment [#91] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that Defendants Manuel and Osbaldo Puente answer or otherwise respond to this lawsuit on or before **June 6, 2023**.

SIGNED this 16th day of May, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE